# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY TERRY DAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, FOSTER, K. A. GAMBLE, Officer; C. L. GODWIN, Officer; KITCHEN STAFF, ADMINISTRATION STAFF, INMATE ACCOUNT STAFF, ESTEVEZ, RAIMEZ, S. M. ROSE, DONNA FRICKE, MEDICAL STAFF, DR. ESH, COMMISSARY STAFF, BLUM, GRAHAM, VALQUIR, Lieutenant; CUMMINGS, Sergeant; CASE MANAGEMENT, BARBIE, Sergeant; N. A. JORDAN, LISA, badge number #1589; MAINTENANCE STAFF, M. K. MCLELEAN, Sergeant; and HADDAD, Officer;<br><br>    Defendants. | **8:18CV31**<br><br><br>**MEMORANDUM AND ORDER** |

  Plaintiff, a pro se litigant currently incarcerated at the Lincoln Diagnostic and Evaluation Center, filed his Complaint on January 29, 2018 seeking damages related to his conditions of confinement and his treatment by jail staff at the Douglas County Correctional Center ("DCCC"). (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis. (Filing No. 8.) After initial review, the court determined Plaintiff's Complaint failed to state a claim upon which relief could be granted and permitted Plaintiff to file an amended complaint as to certain claims against specific Defendants in their individual capacities. (Filing No. 21.) On August 6, 2018, Plaintiff filed an Amended Complaint (filing no. 27), a "Motion to Amend Grievances [filing no. (10)] to Case Number 8:18CV31" (hereinafter

"Motion to Amend Grievances") (filing no. 28), and a motion to amend complaint (filing no. 29).[1] The court now conducts review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## I. BACKGROUND AND SUMMARY OF AMENDED COMPLAINT

In the initial review order, the court determined Plaintiff's Complaint failed to state a claim for relief against any of the Defendants in their official capacities as Plaintiff had failed to allege facts suggesting that a Douglas County "policy" or "custom" caused a violation of his constitutional rights. The court gave Plaintiff leave to amend his Complaint to assert the following claims against specific Defendants in their individual capacities:

- Unsanitary cell conditions against Sergeant Cummings;
- Nutritionally inadequate food portions;
- Eighth Amendment claims against Officer C.L. Godwin, Officer Graham, and Officer Foster for their comments about Plaintiff to other inmates that resulted in assaults by or altercations with other inmates;
- Failure-to-protect claim based on Plaintiff's assault by his cellmate;
- Excessive force claims against Officer Estevez and Officer C.L. Godwin;
- Excessive force claims against Officer Blum and Officer Haddad; and
- Retaliation claims against Officer C.L. Godwin, Officer Estevez, and specific individual Kitchen Staff members.

(Filing No. 21 at CM/ECF p. 22.)

---

[1] Plaintiff also filed a second amended complaint (filing no. 30) on August 8, 2018, which merely directs the court to refer to the "attached motion in amended complaint in Case Number 8:18CV31." (*See, e.g.*, Filing No. 30 at CM/ECF p. 5.) Both the Amended Complaint (filing no. 27) and the second amended complaint (filing no. 30) are dated August 1, 2018. For purposes of conducting this review, the court will consider the second amended complaint as supplemental to the Amended Complaint. *See* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to original pleading).

In his Amended Complaint, Plaintiff generally alleges violations of his First, Fifth, Sixth, and Eighth Amendment rights and asks for $3,900,000.00 in damages. (Filing No. 27 at CM/ECF pp. 4, 7; *see also* Filing No. 30 at CM/ECF p. 3.) In his "Statement of Claim," Plaintiff refers to "attached Case Number 8:18CV31. 4 stamped envelopes with court documents inside." (Filing No. 27 at CM/ECF p. 5.) The documents to which Plaintiff refers consist of an application to proceed in forma pauperis (filing no. 27-1), Plaintiff's Motion to Amend Grievances (filing no. 28) along with a supplement to the motion consisting of two grievances, two inmate request forms, and Plaintiff's explanation of the same (filing no. 28-1), and Plaintiff's motion to amend complaint (filing no. 29). The court will consider these documents as part of the Amended Complaint and will grant Plaintiff's Motion to Amend Grievances (filing no. 28) and motion to amend complaint (filing no. 29) to that extent. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

Liberally construed, Plaintiff's Motion to Amend Grievances (filing no. 28) seeks to incorporate the grievances attached to his previous motion to amend grievances (filing no. 10) into his Amended Complaint.[2] The grievances which Plaintiff references relate to the alleged attack on Plaintiff by Officer Blum and Officer Haddad. (*See* Filing No. 10; Filing No. 21 at CM/ECF p. 17.)

In his motion to amend complaint (filing no. 29), Plaintiff raises the following claims which the court sets out verbatim:

1) I Anthony Terry Dan the plaintiff want a $50,000 dollar claim for being placed in unsanitary cell condition against Sergeant Cummings.

---

[2] Some of the grievances in Filing No. 10, as well as the grievances included in Plaintiff's supplement to his Motion to Amend Grievances (filing no. 28-1), relate to claims which the court determined upon initial review were insufficiently stated, such as Plaintiff's complaints about the DCCC grievance procedure and officers tampering with his food trays. (*See* Filing No. 21 at CM/ECF pp. 7–20.) The court declines to revisit those determinations and will not consider the portions of Filing No. 10 and Filing No. 28-1 unrelated to the claims asserted in Plaintiff's Amended Complaint.

2) I Anthony Terry Dan the plaintiff want a $50,000 dollar claim from Officer C.L. Godwin, a $50,000 dollar claim from Officer Graham, a $50,000 dollar claim from Officer Foster, for their comments about plaintiff to other inmates that resulted in assaults by or altercations with other inmates.
3) I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against Officer Estevez, and I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against Officer C.L. Godwin for useing [sic] excessive force on me.
4) I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against Officer Blum, and I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against Officer Haddad for useing [sic] excessive force on me.
5) I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against Officer C.L. Godwin, and I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against Officer Estevez for committing retaliation acts against me.
6) I Anthony Terry Dan the plaintiff want a $50,000 dollar claim against each of the kitchen staff members for serveing [sic] me contaminated food and inadequate food portions.

(*Id*. at CM/ECF pp. 1–3.) Plaintiff further states that he "has elected to amend [his] complaint and claims against the above defendants in their individual capacities." (*Id*. at CM/ECF p. 3.) These six claims constitute the only claims raised by Plaintiff's Amended Complaint.

## II. DISCUSSION

Liberally construed, Plaintiff's Amended Complaint alleges First and Fourteenth[3] Amendment claims against Sergeant Cummings, Officers C.L.

---

[3] While the original Complaint and Amended Complaint refer to the Eighth Amendment, the court now recognizes that Plaintiff's Eighth Amendment claims are properly characterized as Fourteenth Amendment due process claims as Plaintiff's Amended Complaint clearly specifies that Plaintiff is a pretrial detainee. (Filing No. 30 at CM/ECF p. 4.) A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. "This makes little difference as a practical matter, though: Pretrial detainees are

Godwin, Graham, Foster, Estevez, Blum, and Haddad, and unspecified DCCC kitchen staff members (hereinafter "DCCC Kitchen Staff") in their individual capacities.[4] (Filing No. 27 at CM/ECF pp. 2, 5; Filing No. 29.) Plaintiff essentially states his claims using the language from the court's July 27, 2018 Memorandum and Order on initial review listing the claims that Plaintiff was permitted to amend. (*Compare* Filing No. 21 at CM/ECF p. 22 *with* Filing No. 29.) In granting Plaintiff leave to amend, the court specifically advised Plaintiff "that **the court will no longer permit the piecemeal filing of supplemental materials in this case**" and emphasized the requirement in Federal Rule of Civil Procedure 8 that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." (Filing No. 21 at CM/ECF p. 22 (emphasis in original)); Fed. R. Civ. P. 8(a)(2), (d)(1). The court further directed Plaintiff that any amended complaint he files must "sufficiently describe[] his claims against Defendants in their individual capacities only" and "must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant." (Filing No. 21 at CM/ECF p. 23.) The court now reviews the Amended Complaint to determine whether Plaintiff has complied with the court's July 27, 2018 Memorandum and Order and cured the deficiencies in the original Complaint.

Upon careful consideration, the court concludes Plaintiff has failed to comply with Federal Rule of Civil Procedure 8 and failed to set forth sufficient factual allegations to state a plausible claim for relief with respect to five out of the

---

entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted). Therefore, the court's analysis of Plaintiff's claims upon initial review under the Eighth Amendment remains applicable to this case despite Plaintiff's apparent status as a pretrial detainee.

[4] Plaintiff also names Douglas County as a defendant in the caption of his Amended Complaint. (*See* Filing No. 27 at CM/ECF p. 1.) The court did not grant Plaintiff leave to amend his claims against Douglas County. (*See* Filing No. 21 at CM/ECF pp. 22–24.) Regardless, and as with the original Complaint, Plaintiff fails to allege a plausible claim for relief against Douglas County, and any claims against Douglas County are dismissed.

six claims listed in Plaintiff's motion to amend complaint ([filing no. 29](#)). Specifically, Plaintiff's Amended Complaint fails to state a plausible claim for relief with respect to Plaintiff's retaliation claims against Officers Godwin and Estevez and Plaintiff's Fourteenth Amendment claims for unsanitary cell conditions against Sergeant Cummings; deliberate disregard of Plaintiff's safety based on comments by Officers Godwin, Graham, and Foster about Plaintiff to other inmates that resulted in assaults by or altercations with other inmates; excessive force against Officers Godwin and Estevez; and contaminated or inadequate food against the DCCC Kitchen Staff. Plaintiff alleges no facts to support these claims and, thus, Plaintiff has failed to comply with the court's July 27, 2018 Memorandum and Order. Accordingly, the court will dismiss these claims without prejudice for failure to state a claim.

With respect to Plaintiff's excessive force claim against Officers Blum and Haddad, the court concludes Plaintiff has sufficiently stated a claim for relief against these defendants in their individual capacities in accordance with the court's July 27, 2018 Memorandum and Order on initial review. Plaintiff's Amended Complaint specifically incorporates the grievances related to the alleged assault on Plaintiff by Officer Blum and Officer Haddad. (*See* [Filing No. 28](#); [Filing No. 10](#).) In those grievances, Plaintiff alleges that on January 23, 2018, Officer Blum and Officer Haddad unlocked his cell door, entered, and assaulted Plaintiff for no reason. Plaintiff states Officer Blum sprayed him with a harmful chemical in his eyes and then both Officer Blum and Officer Haddad kicked and punched Plaintiff in the face. As a result of the assault, Plaintiff experienced pain and swelling in the right side of his face, in his upper right chest area and rib cage, and in his lower hip area. ([Filing No. 10-1 at CM/ECF p. 1](#).) In response to Plaintiff's grievance regarding the assault, DCCC officials determined that Plaintiff's grievance had merit and deemed it "a personnel matter which we take very seriously [and] [a]ction has been taken." ([Filing No. 10 at CM/ECF p. 6](#).) Liberally construed, Plaintiff has set forth enough factual allegations in his Amended Complaint to state a plausible excessive force claim and these claims may now

proceed to service of process against DCCC Officers Blum and Haddad in their individual capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Grievances (filing no. 28) and motion to amend complaint (filing no. 29) are granted to the extent the court considers these documents as part of the Amended Complaint.

2. Plaintiff's excessive force claims against Officer Blum and Officer Haddad in their individual capacities may proceed to service of process. All remaining claims and defendants are dismissed from this matter without prejudice for failure to state a claim.

3. The clerk of court is directed to obtain the last known addresses for Defendants Blum and Haddad from the Marshals Service for service of process on them in their individual capacities.

4. Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue summonses for Defendants Blum and Haddad in their individual capacities at the addresses provided by the Marshals Service. The clerk of court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint (filing no. 1) (without any attachments), the Amended Complaint (filing no. 10; filing no. 27; filing no. 28; filing no. 29; filing no. 30), a copy of the court's previous memorandum and order on initial review (filing no. 21), and a copy of this order to the Marshals Service for service of process on Defendants Blum and Haddad in their individual capacities. Service may be accomplished by using any of the following methods: personal, residence, certified

mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[5]

5. The clerk of court is directed to file under seal any document containing the last known addresses for Defendants Blum and Haddad.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The clerk of court is directed to set the following pro se case management deadline: **June 26, 2019**: check for completion of service of process.

9. The clerk of court is directed to remove all named defendants from the case caption except for Officer Blum and Officer Haddad. The clerk of court is further directed to update the case caption to reflect that Officer Blum and Officer Haddad are sued in their individual capacities only.

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Dated this 28th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge